IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINE D. MEEKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-02377-JPG |
| | ) |
| JARROD PETERS, | ) |
| RANDOLPH COUNTY SHERIFF'S | ) |
| OFFICE, CHRIS GUISEN, | ) |
| SHANNON WOLF, | ) |
| and OFFICER USHER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Antoine Meeks, a federal pretrial detainee at Randolph County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Missouri, and it was transferred to this District on October 12, 2022. *Meeks v. Peters, et al.*, Case No. 22-cv-00996 (E.D. Mo. filed Sept. 22, 2022). In the Complaint, Plaintiff claims that he was brutally assaulted by four inmates at Randolph County Jail on August 25, 2022, after the defendants moved him to a cell block housing his known enemies. (Doc. 1, pp. 1-11). Plaintiff suffered injuries in the attack but received no medical treatment. He seeks money damages.[1] (*Id.*).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.

---

[1] If Plaintiff seeks interim relief during the pending action, he may file a separate motion for temporary restraining order and/or preliminary injunction under Federal Rule of Civil Procedure 65. In the motion, he should describe the exact relief he requires and state the facts that support this request for relief.

1

28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-18): On or around August 25, 2022, Sheriff Shannon Wolf and Jail Administrator Jarrod Peters ordered Officer Guisen, Officer Usher, and a training officer to move Plaintiff from Block 4 dorm to Block 2 dorm at Randolph County Jail.  (*Id*. at 3).  This was one day after Plaintiff told them that he could not move because several inmates in Block 2 had already threatened to kill him as soon as they could and the dorm was not equipped with panic buttons.  (Doc. 1, p. 3; Doc. 1-1, p. 3).  The officers moved him anyway.  (*Id*.).

Plaintiff was immediately attacked by three or four inmates.  (Doc. 1, p. 5; Doc. 1-1, p. 3).  He was "stomped on and beat[en]" until he lost consciousness and defecated and urinated on himself.  The inmates continued to beat him in the face, head, and ribs.  When he regained consciousness, Plaintiff screamed for help and kicked the door until officers came to his rescue.

The officers returned Plaintiff to Block 4 and photographed his injuries.  (*Id*.).  Plaintiff's head and face were badly bruised, and his ribs were fractured.  He received no medical attention whatsoever.  Plaintiff requested treatment at a hospital, but his request was denied.  He filed grievances to address this matter internally at the Jail, but no one ever responded.  (*Id*.).

## Preliminary Dismissal

Randolph County Sheriff's Office shall be dismissed.  This entity is not a "person" who is subject to suit under 42 U.S.C. § 1983.  Plaintiff's designation of this defendant may represent an attempt to hold a municipality liable for his injuries.  *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978).  However, municipal liability under Section 1983 arises from

the execution of a government policy or custom that causes a constitutional injury. *Id*. Plaintiff points to no policy or custom that caused his constitutional injury.

## Discussion

The Court designates the following claims in the *pro se* Complaint, consistent with Plaintiff's designation of the same:

**Count 1:** Fourteenth Amendment claim against Defendants for moving Plaintiff to Block 2 dorm on or around August 25, 2022, despite Plaintiff's complaints about death threats from known enemies housed there.

**Count 2:** Fourteenth Amendment claim against Defendants for denying Plaintiff medical care for the injuries he sustained in the inmate attack on or around August 25, 2022.

**Count 3:** Illinois state law claim for intentional infliction of emotional distress against Defendants for moving Plaintiff to a cell block with his known enemies immediately before his attack on or around August 25, 2022, and then denying him medical care for his injuries.

**Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Counts 1 and 2

Counts 1 and 2 are governed by the Fourteenth Amendment Due Process Clause, which prohibits all forms of punishment of pretrial detainees. *See Kingsley v. Henderson*, 576 U.S. 389 (2015) (Fourteenth Amendment excessive force claim); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (Fourteenth Amendment medical care claim). Conditions that deprive an inmate of basic human needs, such as food, water, medical care, sanitation, or safety, may violate the Fourteenth Amendment. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). A Fourteenth Amendment claim requires a showing of objective unreasonableness. *Id*. A pretrial detainee must

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

plausibly allege that each defendant acted "purposefully, knowingly, or perhaps even recklessly" in relation to said risk of assault or denial of medical care, and the conduct was objectively unreasonable.  *See Ferguson v. Cook Cnty. Corr'l Facility/Cermak*, 836 F. App'x 438, 441 (7th Cir. 2020) (citing *Miranda*, 900 F.3d at 353).  Negligence does not give rise to a claim under this standard.  *Ferguson*, 836 F. App'x at 441 (citing *Miranda*, 900 F.3d at 353).

Count 1 survives screening against all defendants, except the sheriff's office.  The allegations suggest that Sheriff Wolf and Jail Administrator Peters knowingly and intentionally ordered Officers Guisen and Usher to move Plaintiff into a cell block with his known enemies after he informed them of death threats he received on or around August 24-25, 2022, and the defendants' decision was objectively unreasonable in light of this information.  Accordingly, Count 1 shall receive further review against all of these individual defendants.

Count 2 also survives review against all defendants, other than the sheriff's office.  According to the allegations, these individuals received requests for medical care from Plaintiff following his assault on August 25, 2022, and their decision to deny treatment of any kind for facial swelling, facial bruising, and fractured ribs was objectively unreasonable.  Count 2 requires further review against these individuals.

The supervisory capacity and official capacity claims against the sheriff and jail administrator shall be dismissed without prejudice.  Plaintiff has pointed to no policy, custom, or widespread practice that caused his constitutional deprivations to occur.  Under the circumstances, these claims will be dismissed without prejudice against both defendants.

### Count 3

Plaintiff's emotional distress claim arises under Illinois state law, and the Court has supplemental jurisdiction over the claim because it arises from the same facts as the federal claims.

*See* 28 U.S.C. § 1367(a). However, this claim does not survive screening. Under Illinois law, a plaintiff bringing a claim for intentional infliction of emotional distress must demonstrate the following: (1) the defendants engaged in extreme and outrageous conduct; (2) the defendants either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendants' conduct in fact caused severe emotional distress. *McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017). Beyond bringing a claim for intentional infliction of emotional distress, Plaintiff does not set forth any allegations addressing the elements of this claim against the defendants. He also offers no indication of what, if any, emotional distress or mental health issues resulted from the assault described herein. *Ashcroft v. Iqbal*, 556 U.S.C. 662, 678 (2009); FED. R. CIV. P. 8. Count 3 shall be dismissed without prejudice for failure to state a claim.

### Motion for Recruitment of Counsel

Plaintiff's Motion to Appoint Counsel (Doc. 3) is **DENIED without prejudice**. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request for counsel, the court considers whether a plaintiff has made reasonable attempts to secure counsel and, if so, "whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt*, 503 F.3d at 655). Plaintiff discloses no efforts to find an attorney, and he sets forth no reasons that the court should recruit counsel on his behalf. Given the early stage of this case and the plaintiff's demonstrated ability to prepare and file a complaint and related motions that survive screening, this Court is not inclined to recruit

counsel for plaintiff yet. If the case becomes too difficult to litigate as it proceeds, Plaintiff may renew his request by filing a new motion, but he should include evidence of his efforts to contact at least three attorneys or law firms about representation *in this case*. For now, Plaintiff's request is **DENIED**.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNTS 1** and **2** will proceed against **SHANNON WOLF, JARROD PETERS, CHRIS GUISEN,** and **OFFICER USHER**, in their individual capacities. However, the **OFFICIAL CAPACITY** claims against these defendants are **DISMISSED** without prejudice.

**IT IS ORDERED** that **COUNT 3** against **ALL DEFENDANTS** is **DISMISSED without prejudice** for failure to state a claim for relief.

**IT IS ORDERED** that Defendant **RANDOLPH COUNTY SHERIFF'S OFFICE** is **DISMISSED** with prejudice from this action.

**The Clerk of Court is DIRECTED to TERMINATE the RANDOLPH COUNTY SHERIFF'S OFFICE as a defendant in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendant **SHERIFF SHANNON WOLF, JAIL ADMINISTRATOR JARROD PETERS, OFFICER CHRIS GUISEN,** and **OFFICER USHER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days

from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED**.

**DATED: 10/17/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.